## MILES F. BRENNAN *vs.* WILLIAM VOGLER & others.

Middlesex.   January 25, 1899. — September 14, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Corporation — Trust — Construction of Agreement.*

A., who owned certain letters patent, and B. entered into a written agreement for the formation by B. of a corporation for the purchase of the patents and the development of the inventions, by which A. agreed to assign to B. certain shares of the stock " to be held by the said B. in trust for the treasury purposes of the said corporation." Then followed this clause : " And the said A. further agrees to assign to himself and the said B. jointly one thousand shares of said stock, to be held by them under a joint trust for use and disposal as they may deem advisable for the general promotion of the interests of the corporation." On the same day A. and B. executed a further agreement, providing " that if at the end of three months from the formation of the said joint trust no disposal of the stock held thereunder shall have been made by said joint trustees, the said joint trust shall be dissolved and said shares returned to said A., who shall forthwith assign three hundred of said shares to said B." *Held*, upon a bill in equity to establish a trust as to the shares in question, that it could not be said, as matter of law, that on the face of the two agreements the corporation was a beneficiary as to such shares.

BILL IN EQUITY, filed January 5, 1898, in the Superior Court, by the plaintiff in behalf of himself and all other stockholders of the American Metallic Cushion Company who became such subsequently to July 18, 1895, and who might join therein, against

certain stockholders to establish a trust as to certain shares of
stock. At the hearing a decree was entered dismissing the bill,
with costs; and the plaintiff appealed to this court. The facts
material to the point decided appear in the opinion.

*N. D. Pratt*, for the plaintiff, submitted the case on a brief.

*C. F. Perkins*, (*F. D. Allen* with him,) for the defendants.

LATHROP, J.   Under the findings of fact by the master, sus-
tained by a decree of the Superior Court, the only question
which we need consider is whether the corporation was a bene-
ficiary in the trust, created by two agreements dated April 13,
1895, which are marked Exhibits A and M.*   As to these the
master has found as follows: " Considering all the provisions
of the agreement ' A ' and ' M,' its general scope, and the
conduct of the parties, I find that this agreement was made
between Vogler and Taylor — they then being the only parties
interested in the subject matter — for the purpose of advancing
their individual interests, first by making a market value for the
stock and thereby incidentally the interests of such as should
associate themselves with them thereafter; that the only capital
stock by them intended thereby to be committed to the control
of the corporation, or from which the corporation should directly
receive any benefit, was the 750 shares to be held by Taylor for
treasury purposes; that the 500 shares to be held by Vogler and
Taylor as joint trustees was intended by them to be used and
disposed of by them as trustees, if in their opinion necessary,
for the purpose of inducing such persons to become stockholders,
by gift or purchase, as would give the corporation and the enter-
prise a favorable standing in the business world, and thus in-
cidentally benefit the corporation by enhancing the market
value of the treasury stock, which was the only available asset
of the corporation, and also the other stock held by them in
their own right, and that they intended that in case they did
not deem it advisable so to dispose of this stock within three
months, then it was to be divided between themselves, seven

---

* The agreement marked Exhibit A recited that Vogler was the owner
of certain letters patent, and that Taylor was to take the necessary steps for
the formation of a corporation for the purpose of purchasing the patents
and developing, manufacturing, and selling the inventions covered by the
letters patent.

tenths to Vogler and three tenths to Frederick Taylor, each in his own right."

The question arises under the latter clause of article 9 of Exhibit A. Under the first clause Vogler agrees to assign to Taylor certain shares of the stock " to be held by the said Taylor in trust for the treasury purposes of the said corporation." Then follows the clause in controversy : " And the said Vogler further agrees to assign to himself and said Taylor, jointly, one thousand (1,000) shares of said stock, to be held by them under a joint trust for use and disposal as they may deem advisable for the general promotion of the interests of the corporation."

The important clause of Exhibit M is the further agreement between Vogler and Taylor, " that if at the end of three months from the formation of the said joint trust no disposal of the stock held thereunder shall have been made by said joint trustees, the said joint trust shall be dissolved and said shares returned to said Vogler, who shall forthwith assign three hundred (300) of said shares to said Taylor."

We are of opinion that it cannot be said, as matter of law, that on the face of the agreements of April 13, 1895, the corporation is a beneficiary as to the one thousand shares, afterwards reduced to five hundred; and that the decree of the justice of the Superior Court, dismissing the bill with costs, was correct.            *Ordered accordingly.*